UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM A. LOCKE,

    Plaintiff,

v.                                                 Case No. 17-C-1636

DAVID BETH, *Kenosha County Sherriff*, et al.,

    Defendants.

## SCREENING ORDER

The plaintiff, who is currently serving a state prison sentence at Kenosha County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee.

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $10. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Locke alleges that Correctional Officer Bedford has sexually harassed him from July 2017 through the filing of this lawsuit. Locke alleges that Bedford repeatedly made sexually explicit comments in front of Locke. Locke also alleges that Bedford rubbed his privates in front of Locke and looked at Locke in a sexual manner. Locke alleges that once during a pat-down, Bedford rubbed his erect penis into Locke's buttocks and grinded on him several times. Locke alleges that he filed two sexual harassment grievances under the Prison Rape Elimination Act of 2003 ("PREA") with Sheriff David Beth and Sergeant Simpson, the PREA Compliance Officer, but that his complaints fell on deaf ears. He also alleges that Lieutenant Klinkhammer turned a blind eye to his inmate grievances.

Taking Locke's allegations as true, as I must do at this stage of the proceedings, I find that Locke has sufficiently stated a claim pursuant to 42 U.S.C. § 1983 for violation of his Eighth and Fourteenth Amendment Rights against Bedford. Verbal abuse by guards can be cruel and unusual punishment. *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015) (citing *Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015)). Sexual harassment by a state actor under color of state law violates the Equal Protection Clause. *Locke v. Haessig*, 788 F.3d 662, 667 (7th Cir. 2015) (citing *Valentine v. City of Chi.*, 452 F.3d 670, 682 (7th Cir. 2006). The court notes though that while serious, these are simply allegations and because of the stage of the litigation, the court must take them as true. Additionally, the court notes that Locke has previously made similar allegations against other government officials. *See Locke v. Haessig*, 788 F.3d at 664.

Furthermore, at this stage of the proceedings, Locke has stated a claim against Beth, Simpson, and Klinkhammer because he alleges that he filed grievances about Bedford and they failed to intervene and protect him from the sexual harassment. A supervisor can be held liable for a subordinate's sexual harassment if the plaintiff can show either intentional sex discrimination or a conscious failure to protect the plaintiff from abusive conditions created by subordinates amounting to intentional discrimination. *Id*. Additionally, a "prison official's knowledge of prison conditions learned from inmate communications can, under some circumstances, constitute sufficient knowledge of the conditions and require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition." *Vance v. Peters*, 97 F.3d 987, 992–93 (7th Cir. 1996). However, the court notes that despite enduring this alleged consistent sexual harassment for months, Locke alleges that he only filed two grievances on November 15th and November 17th. Locke then waited only nine days before filing this complaint on November

26th. Therefore, it is unclear whether the officers even had an opportunity to read, investigate, and respond to Locke's grievances before he filed a federal complaint alleging that his grievances fell on their "deaf ears." However, that is an issue to be determined later in the proceedings. At this stage, taking Locke's allegations as true and reading his complaint liberally, Locke has stated claims against Beth, Simpson, and Klinkhammer in their individual capacities.

Locke's claim against Kenosha County must be dismissed. In order to state a claim against a municipality, Locke must allege that the municipality had a custom or policy that contributed to the infliction of the assault and resulted in his injury. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 (1978). Unconstitutional policies or customs can take three forms:

> (1) an express policy that, when enforced, causes constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Palmer v. Marion Cty.*, 327 F.3d 588, 594–95 (7th Cir. 2003). The Seventh Circuit has further explained:

> The usual way in which an unconstitutional policy is inferred, in the absence of direct evidence, is by showing a series of bad acts and inviting the court to infer from them that the policymaking level of government was bound to have notice what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of subordinate officers. When this method of proof is used, proof of a single act of misconduct will not suffice; for it is the series that lays the premise of the system of inference.

*Jackson v. Marion Cty.*, 66 F.3d 151, 152 (7th Cir. 1995). Based on Locke's allegations, he did not file grievances about Bedford's behavior until November 15 and 17. He seeks to impose liability on the county because Sheriff Bedford did not respond to the grievances. However, Locke alleges that he filed just two grievances and gave the Sheriff less than ten days to respond. This is insufficient

4

to establish an unconstitutional policy by the Sheriff and to impose liability on the county. Therefore, Locke's claims against the county must be dismissed.

Lastly, Locke also attempts to bring a cause of action under the Prison Rape Elimination Act of 2003. However, the PREA does not provide for a private cause of action; therefore, these claims must be dismissed. *See Smith v. Foster*, No. 16-C-84, 2017 WL 4570816, at *11 (E.D. Wis. Oct. 12, 2017); *see also Amaya v. Butler*, No. 16-cv-1390-SMY, 2017 WL 2255607, at *5 (S.D. Ill. May 23, 2017) (collecting cases).

Therefore, the court finds that plaintiff may proceed on his claims against Bedford, Beth, Simpson, and Klinkhammer in their individual capacities.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claim against Kenosha County is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

5

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $340 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this  22nd  day of December, 2017.

s/William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court