UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM A. LOCKE,

    Plaintiff-Appellant,

v.                                  USDC Case No. 17-C-1636

                                      USCA Case No. 18-1488

DAVID BETH, et al.,

    Defendants-Appellees.

## DECISION AND ORDER

The plaintiff, a state prisoner at all relevant times and who is proceeding without the assistance of counsel, brought a civil action in this court under 42 U.S.C. § 1983, alleging that his civil rights were violated. ECF No. 1. On December 22, 2017, Locke was granted leave to proceed *in forma pauperis*. ECF No. 8. In an order screening Locke's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the court dismissed two defendants because Locke had failed to state a claim against either defendant. ECF No. 24. Because the court allowed Locke to proceed against the remaining three defendants, no judgment was issued. The Locke has appealed that decision, and currently before the court is Locke's request to proceed *in forma pauperis* on appeal.

Under the Federal Rules of Appellate Procedure, a party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C.

§ 1915(a)(3). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of a claim that no reasonable person could suppose to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in a frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition.

Locke seeks to challenge the court's determination that he failed to state a claim against Sergeant Simpson or Kenosha County. His appeal is procedurally and substantively frivolous. It is substantively frivolous because he has clearly failed to state a claim against either Sergeant Simpson or Kenosha County. It is procedurally frivolous because he is attempting to appeal a non-final order.

"Non-final orders or decrees are not appealable as a matter of right." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978) (citing 28 U.S.C. § 1292(b)). The court's screening order which did not dismiss all of the claims as to all of the parties not final. It is thus not immediately appealable by right. *See United States v. Ettrick Wood Prods., Inc.,* 916 F.2d 1211, 1217 (7th Cir. 1990) ("Absent proper entry of judgment under Rule 54(b), an order that determines one claim in a multi-claim case, or disposes of all claims against one or more parties in a multi-party case, is not final and appealable.").

A district court judge may certify a question for an interlocutory appeal where: (1) the order "involves a controlling question of law"; (2) there is a "substantial ground for difference of opinion"; and (3) an immediate appeal "may materially advance the ultimate termination of litigation." 28

2

U.S.C. § 1292(b). However, Locke has not requested an appeal pursuant to § 1292(b), nor has he addressed any of the required criteria. Furthermore, the order Locke seeks to appeal could not reasonably be understood as supplying a basis upon which the § 1292(b) criteria could be satisfied. To the extent that Locke intends for his notice of appeal to serve as a request for leave to file an interlocutory appeal pursuant to § 1292(b), that request is denied.

Thus, left for determination is whether Locke is appealing in good faith. An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not being taken in good faith. 28 U.S.C. § 1915(a)(3). In *Lee*, the Seventh Circuit Court of Appeals held that "good faith" for purposes of § 1915 is the common "legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." 209 F.3d at 1026. After reviewing the court's order and Locke's notice of appeal, in light of *Lee*, this court concludes that the plaintiff's appeal should be certified as not having been taken in good faith because no reasonable person could conclude that the court's order is a final order or is appealable. Thus, the plaintiff's request to proceed *in forma pauperis* on appeal is denied.

However, the plaintiff incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), *rev'd on other grounds by, Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee*, 209 F.3d at 1025. The fact that this court is denying the request to proceed *in forma pauperis* on appeal means that the full filing fee of $505.00 is due within 14 days of this order. *Id.*; Seventh Circuit Rule 3(b). Failure to pay in full within the time limits will result in a dismissal. *Newlin*, 123 F.3d at 434.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* on appeal is hereby **DENIED** because this court certifies that such appeal has been taken in **BAD FAITH.**

**IT IS FURTHER ORDERED** that by **March 29, 2018,** the plaintiff shall forward to the Clerk of Court the sum of $505.00 as the full filing fee in this appeal. The plaintiff's failure to comply with this order will result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the plaintiff is confined, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Green Bay, Wisconsin this   15th   day of March, 2018.

> BY THE COURT:
>
> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court